CW:cw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

98 - 14053

UNITED STATES OF AMERICA )   CASE NO. CR - MIDDLEBROOKS
)
)            21 USC 841(a)(1)
)   MAGISTRATE
)            LYNCH
v. )   MAGISTRATE JUDGE LYNCH
)
LINTON A. ROBERTS )
a/k/a "Mark" )   **INDICTMENT**
_____ )

The Grand Jury charges that:

<u>COUNT ONE</u>

On or about March 25, 1998, in Highlands County, in the Southern District of Florida, the defendant,

LINTON A. ROBERTS, a/k/a "Mark"

did knowingly and intentionally possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT TWO</u>

On or about April 13, 1998, in Highlands County, in the Southern District of Florida, the defendant,

LINTON A. ROBERTS, a/k/a "Mark"

did knowingly and intentionally possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly

known as crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
CAROL WILKINSON
ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

v.

**LINTON A. ROBERTS,**

**CASE NO.** _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Related Case Information:**

| | | | |
|---|---|---|---|
| SUPERSEDING | Yes ____ | No **X** | |
| New Defendant(s) | Yes **X** | No ____ | |
| Number of New Defendants | | **1** | |
| Total number of counts | | **2** | |

**Court Division:** (Select One)

____ Miami   ____ Key West
____ FTL   ____ WPB **X** FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    (Yes or No) ____**NO**____
    List language and/or dialect _____

4.  This case will take **2** days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | **X** | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | **X** |
| V | 61 days and over | ____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No) **NO**
If yes:

Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) **YES**
If yes:

Magistrate Case No.   **98-071-FJL**_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of **10-26-98**_____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

_Carol A. Wilkinson_/cc
CAROL A. WILKINSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. AA5500089

*Penalty Sheet(s) attached

REV. 10/08/98

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   LINTON A. ROBERTS                     No:

**Count #1:**

Possession with intent to distribute crack cocaine; 21:841(a)(1)

*Max. Penalty:    5-40 years; $2 million fine

**Count #2:**

Possession with intent to distribute crack cocaine; 21:841(a)(1)

*Max. Penalty:    5-40 years; $2 million fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

Case 2:98-cr-14053-DMM   Document 9   Entered on FLSD Docket 10/29/1998   Page 5 of 18

FORM DSD-34
R.M. 88

No. _____

# UNITED STATES DISTRICT COURT

SOUTHERN _____  District of _____ FLORIDA _____

_____ NORTHERN _____ Division

## THE UNITED STATES OF AMERICA

vs.

LINTON A. ROBERTS

_____

_____

# INDICTMENT

21-841(a)(1)

A true bill.

_____ Foreman

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____ Clerk

Bail, $ _____

_____

FGJ 98-01 (FTP)

CR 12 (Rev. 82)                          **WARRANT FOR ARREST**

| UNITED STATES DISTRICT COURT | DISTRICT Southern District of Florida | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br>**LINTON A. ROBERTS**<br>a/k/a "Mark" | DOCKET NO. | MAGISTRATE CASE NO. 98-071-FJL |

| | |
|---|---|
| WARRANT ISSUED ON THE BASES OF:   □ Order of Court<br>□ Indictment   □ Information   X Complaint | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED<br><br>LINTON A. ROBERTS<br>AVON PARK<br>HIGHLANDS COUNTY<br><br>USM # 54111-004 |
| TO:  U.S. MARSHALS SERVICE OR ANY OTHER AUTHORIZED FEDERAL AGENCY | DISTRICT OF ARREST<br>SDFL |
| | CITY FT. PIERCE |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

**DESCRIPTION OF CHARGES**

On or about March 25, 1998 and on or about April 13, 1998, Linton Roberts, knowingly and intentionally possessed with the intent to distribute cocaine base, commonly known as crack cocaine in Avon Park, Highlands County, in the Southern District of Florida.

| IN VIOLATION OF | UNITED STATES CODE TITLE 21 | SECTION 841(a)(1) |
|---|---|---|

| BAIL FIXED BY COURT   No Bond | OTHER CONDITIONS OF RELEASE | |
|---|---|---|
| ORDERED BY | SIGNATURE (JUDGE/U.S. MAGISTRATE) | DATE 10/22/98 |
| CLERK OF COURT   Carlos Juenke | (BY) DEPUTY CLERK | DATE ISSUED 10/22/98 |

**RETURN**

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED 10-27-98 | NAME AND TITLE OF ARRESTING OFFICER<br>Lloyd J. Allgaier<br>Deputy U.S. Marshal<br>Department Of Justice | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED 10-27-98 | | |

ₒUnited States Judge or Judge of a Stae Court of Record

# APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

CJA 20 (Rev.)

| 1. JURISDICTION | | 2. MAG. DOCKET NO. | 3. DIST. DOCKET NO. | VOUCHER NO. |
|---|---|---|---|---|
| 1 ☒ MAG. 2 ☐ DIST. | 3 ☐ APPEALS 4 ☐ OTHER | 98-07D-LYNCH | | 0619087 |

| 4. APPEALS DOCKET NO. | 5. FOR (DISTRICT/CIRCUIT) | 6 LOC. CODE | 7. CHARGE/OFFENSE (U.S. or other code citation) | 7A. CASE CODE |
|---|---|---|---|---|
| | SD/FL | FLSSI | 21:841(a)(1) | 67 |

| 8. IN THE CASE OF | | 9. PERSON REPRESENTED (FULL NAME) | 9A. NO. REPRES. |
|---|---|---|---|
| U.S.A. vs ROBERTS | | LINTON A. ROBERTS | |

**10. PERSON REPRESENTED (STATUS)**
1 ☒ DEFENDANT—ADULT  3 ☐ APPELLANT  5 ☐ OTHER
2 ☐ DEFENDANT—JUVENILE  4 ☐ APPELLEE _____

**11. PROCEEDINGS (Describe briefly)**
ALL PROCEEDINGS

FILED BY _____
98 OCT 28 PH 15
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**12. PAYMENT CATEGORY**
A ☒ FELONY  C ☐ PETTY OFFENSE  E ☐ OTHER
B ☐ MISDEMEANOR  D ☐ APPEAL _____

**13. COURT ORDER**
O ☒ Appointing Counsel  F ☐ Subs. for FD
C ☐ Co-Counsel  R ☐ Subs. for Retained Atty.
P ☐ Subs. for Panel Atty. _____
Name of prior panel attorney

Appt. Date _____ Voucher No. _____

Because the above-named "person represented" has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in item 14 is appointed to represent this person in this case.

► _____
Sig. of Presiding Judicial Officer or By Order of Court (Clerk/Deputy)

► _____   ► _____
Date of Order   Nunc Pro Tunc Date

**14. FULL NAME OF ATTORNEY/PAYEE (First Name, M.I., Last Name, Including Suffix) AND MAILING ADDRESS**
WILBUR CHANEY, ESQUIRE
475 N.E. FIRST STREET, SUITE A-1
DELRAY BEACH, FL 33483

| 15. WORK PHONE | 16A. Does the attorney have the preexisting agreement (see Instructions) with a corporation, including a professional corporation? ☐ Yes ☐ No |
|---|---|
| 561/276-7447 | |

| 16B. SOCIAL SECURITY NO. (Only provide per instructions) | 16C. EMPLOYER I.D. NO. (Only provide per instructions) |
|---|---|

**16D. NAME AND MAILING ADDRESS OF LAW FIRM** (Only provide per instructions)

## CLAIM FOR SERVICES OR EXPENSES

| | SERVICE | HOURS | DATES | Multiply rate per hour times total hours to obtain "In Court" compensation. Enter total below. |
|---|---|---|---|---|
| 17. | a. Arraignment and/or Plea | | | |
| | b. Bail and Detention Hearings | | | |
| | c. Motions Hearings | | | |
| IN COURT | d. Trial | | | 17A. TOTAL IN COURT COMP. |
| | e. Sentence Hearings | | | |
| | f. Revocation Hearings | | | |
| | g. Appeals Court | | | |
| | h. Other (Specify on additional sheets) | | | |
| | (Rate per hour = ) TOTAL HOURS = | | | $ |

| | | HOURS | DATES | Multiply rate per hour times total hours. Enter total "out of court" compensation below. |
|---|---|---|---|---|
| 18. | a. Interviews and conferences | | | |
| OUT OF COURT | b. Obtaining and reviewing records | | | |
| | c. Legal research and brief writing | | | |
| | d. Travel time (Specify on additional sheets) | | | 18A. TOTAL OUT OF COURT COMP. |
| | e. Investigative and other work (Specify on additional sheets) | | | |
| | (Rate per hour = ) TOTAL HOURS = | | | $ |

| 19. | TRAVEL, LODGING, MEALS ETC. | AMOUNT | OTHER EXPENSES | AMOUNT | 19A. TOTAL TRAVEL EXP. |
|---|---|---|---|---|---|
| EXPENSES | | | | | $ |
| | | | | | 19B. TOTAL OTHER EXP. |
| | | | | | $ |
| | | | | | 20. GRAND TOTAL CLAIMED |
| | | | | | $ |

**21. CERTIFICATION OF ATTORNEY/PAYEE FOR PERIOD** _____ TO _____

F ☐ Final Payment  I ☐ Interim Payment No. _____ Has compensation and/or reimbursement for work in this case previously been applied for? ☐ YES ☐ NO
If yes, were you paid? ☐ YES ☐ NO  If yes, by whom where you paid? _____ How much? _____ Has the person represented paid any money to you, or to your knowledge to anyone else. in connection with the matter for which you were appointed to provide representation? ☐ YES ☐ NO
If yes, give details on additional sheets. _____
I swear or affirm the truth or correctness of the above statements ► _____

| SIGNATURE OF ATTORNEY/PAYEE | DATE |
|---|---|

| | 22. IN COURT COMP | 23 OUT OF COURT COMP | 24. TRAVEL EXPENSE | 25. OTHER EXPENSES | 26 TOTAL AMT. APPROVED/CERT. |
|---|---|---|---|---|---|
| APPROVED FOR PAYMENT | $ | $ | $ | $ | $ |
| | 27 SIGNATURE OF PRESIDING JUDICIAL OFFICER | | | DATE | 27A. JUDGE/MAC. CODE |
| | 28. SIGNATURE OF CHIEF JUDGE. CT OF APPEALS (OR DELEGATE) | | | DATE | 29 TOTAL AMT. APPROVED $ |

COPY 4 - FILED IN COURT'S CASE FILE AFTER CLERK ENTERS APPOINTMENT DATA

(

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 98-071-LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINTON A. ROBERTS
    Defendant.

_____/

ORDER ON INITIAL APPEARANCE

Language __ENGLISH__

Tape No. __98-047-FJL/688__

AUSA ____Robert Waters__

Agent ____Pentecost, DEA__

The above-named defendant having been arrested on __10/27/98__, having

appeared before the court for initial appearance on __10/27/98__,

and proceedings having been held in accordance with *F.R.C.P.* 5 or 40(a). it is thereupon
ORDERED as follows:

1. _____ appeared as permanent/temporary counsel of record.

   Address: _____

   Zip Code: _____ Telephone: _____

2. __CJA Wilbur Chaney__ appeared as permanent counsel of record.

   Address: __475 N.E. FIRST STREET, SUITE A-1   DELRAY BEACH, FL__

   Zip Code: __33483__ Telephone: __561/276-7447__

3. The defendant shall attempt to retain counsel and shall appear before the court at _____ on

   _____, 19____.

4. Arraignment/Preliminary/Removal/Identity hearing is set for __@9:30 am, Friday, 10/30__, 19_98_.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. 3142(d) or (f) because _____

   _____Risk of Flight_____.

A detention hearing, pursuant to 18 U.S.C. 3142(f), is set for __@9:30 am, Friday, 10/30__, 19_98_.

6. The defendant shall be released from custody upon the posting of the following type of appearance bond,
pursuant to 18: U.S.C. 3142:

_____

_____

   This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in
addition, the defendant must comply with the special conditions checked below:

____ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

____ b. Report to Pretrial Services as follows: _____ times a week by phone _____ times a week in

   person; other: _____

____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances
prohibited by law.

____ d. Maintain or actively seek full-time gainful employment.

____ e. Maintain or begin an educational program.

____ f. Avoid all contact with victims of or witnesses to the crimes charged.

____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

____ h. Comply with the following curfew: _____

—1—

SD/F M-1
Rev. 7/90

___ i.  Comply with the following additional special conditions of this bond: _____

_____

_____

     This bond was set: At Arrest     _____

                      On Warrant   ___XXXXXX___

                      After hearing _____

     If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____.

___ If this space is checked, an evidentiary hearing pursuant to *United States v. Nebbia*, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post the bond.

7.  The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8.  The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

     DONE AND ORDERED at Fort Pierce, FL___, this _27th_ day of _October_____, 19_98_ .

_____
                                UNITED STATES MAGISTRATE

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD TO Pretrial Services

                                                        SD/F M-1
                                                        Rev.7/90

# COURT MINUTES - FORT PIERCE

## U.S. MAGISTRATE JUDGE FRANK J. LYNCH, JR.

FORT PIERCE COURTHOUSE: ___Courtroom #108___

FILED BY _____ D.C.

OCT 2 7 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. · FT. PIERCE

DEFT: LINTON A. ROBERTS (J) _present_       CASE NO: ___98-071-LYNCH___

AUSA: Robert Waters, _present_       ATTORNEY: _____

AGENT: Susan Pentecost, DEA _not present_       VIOL: ___21:841(a)(1)___

PROCEEDING: Initial Appearance       BOND REC: No Bond   SET @: _____

DISPOSITION: _____

1) Do not violate any law.

2) Appear in court as directed.

3) Surrender and/or do not obtain passports/travel documents.

4) Rpt to PTS as directed /or_____ x's a week/month by phone; _____ x's a week/month in person.

5) Random urine testing by Pretrial Services. _____Treatment as deemed necessary.

6) Maintain or seek full-time employment.

7) Maintain or begin an educational program.

8) No contact with victims/witnesses.

9) No firearms.

10) Curfew: _____.

11) Travel extended to: _____.

12) _____Halfway House _____

_____Electronic Monitoring _____

-Deft present & advised of charges

-Deft sworn & testimony taken re: appt of cnsl

-Court appts* CJA Wilbur Chaney

-Court orders deft temp detain (risk of flight) pending PTD hearing on 10/30/98

-Court grants govt's motion to unseal

* FPD has conflict

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | 10/30/98 | 9:30 A.M. | FJL | FTP |
| PRELIM/ARRAIGN. OR REMOVAL: | 10/30/98 | 9:30 A.M. | FJL | FTP |
| STATUS CONFERENCE: | | | | |

DATE: 10/27/98       TIME:   9:30 am       TAPE # 98-47-FJL @ 688

2 (Rev. 82)

## WARRANT FOR ARREST

| UNITED STATES DISTRICT COURT | DISTRICT<br>Southern District of Florida | |
|---|---|---|

| UNITED STATES OF AMERICA | DOCKET NO. | MAGISTRATE CASE<br>NO. 98-071-FJL |
|---|---|---|

**v.**

**LINTON A. ROBERTS**
a/k/a "Mark"

NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED

LINTON A. ROBERTS
AVON PARK
HIGHLANDS COUNTY

FILED BY

98 OCT 22 PM 12: 01

CARLOS JUENKE
CLERK U.S. DIST. CT
S.D. OF FLA. - FT. PIERCE

D.C

| WARRANT ISSUED ON THE BASES OF: | ☐ Order of Court |
|---|---|
| ☐ Indictment    ☐ Information    X Complaint | |

TO:  U.S. MARSHALS SERVICE OR ANY OTHER
AUTHORIZED FEDERAL AGENCY

DISTRICT OF ARREST
SDFL

CITY FT. PIERCE

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

### DESCRIPTION OF CHARGES

On or about March 25, 1998 and on or about April 13, 1998, Linton Roberts, knowingly and intentionally possessed with the intent to distribute cocaine base, commonly known as crack cocaine in Avon Park, Highlands County, in the Southern District of Florida.

| IN VIOLATION OF | UNITED STATES CODE TITLE 21 | SECTION 841(a)(1) |
|---|---|---|

| BAIL FIXED BY COURT    No Bond | OTHER CONDITIONS OF RELEASE | |
|---|---|---|
| ORDERED BY | SIGNATURE (JUDGE/U.S. MAGISTRATE) | DATE 10/22/98 |
| CLERK OF COURT    Carlos Juenke | (BY) DEPUTY CLERK    Nuria J. Zuniga | DATE ISSUED 10/22/98 |

### RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

United States Judge or Judge of a Stae Court of Record

AO 91 (Rev. 5/85) Criminal Complaint                    AUSA CAROL A. WILKINSON

# *United States District Court*

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

**LINTON A. ROBERTS**
a/k/a "Mark"

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 98-07cFJL

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about March 25, 1998 and April 13, 1998   in  Highlands   County, in the

___Southern___ District of _Florida_____ defendants, (Track Statutory Language of Offense)

did knowingly and intentionally possess with the intent to distribute cocaine base, commonly known as crack cocaine

in violation of Title ___21_ United States Code, Section(s) __841(a)(1)_____

I further state that I am a(n)  Special Agent, DEA_____ and that this complaint is based on the following
                                          Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:      [x] Yes   [ ] No

Signature of Complainant
Susan Pentecost, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

_____October 22, 1998_____          at ___Fort Pierce, Florida_____
Date                                                         City and State

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                          Signature of Judicial Officer

2

**AFFIDAVIT
OF
SUSAN PENTECOST
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION**

1.    I, Susan Pentecost, am a special agent with the Drug Enforcement Administration (DEA), so employed since August 1991. Prior to that employment, I was a police officer with the Jupiter, Florida Police Department for three and one-half years, during which time I was assigned to the Palm Beach County Sheriff's Office Multi-Agency Narcotics Unit for the purpose of narcotics investigations.  Prior to employment with the Jupiter Police Department, I was employed for eight years as a deputy sheriff for the Cornell Public Safety Division in Ithaca, New York.  I have completed in excess of 2,000 hours of basic and advanced law enforcement instruction within the states of New York and Florida, as well as the DEA Academy.  I have made in excess of 300 drug arrests and have executed over 300 narcotics related search warrants.

2.    I am the case agent for "Operation Highlands, a multi-agency OCDEFT task force, which has concentrated on rampant sales of crack cocaine in an area know as the "Beachfront" in Avon Park, Florida.  The following is based on my personal knowledge and discussions with the other agents assigned to the task force. This affidavit is presented in support of an arrest warrant for **LINTON ROBERTS, a/k/a "Mark."**

3. On March 25, 1998, DEA Special Agent(S/A) Vincent Fulton was acting in an undercover capacity and a Confidential Source

C/S went to the Beachfront area of Avon Park, Highlands County, Florida, in the Southern District of Florida.  The C/S had been searched for illegal drugs and/or contraband with negative results before and after the operation.  The C/S recognized one of the black males standing outside of a club as "Mark", later identified by us as **LINTON ROBERTS.** Fulton gave the C/S $800 undercover funds.  The C/S met with **ROBERTS** away from the undercover car.  While Fulton observed, the C/S and **ROBERTS** walked over to a car.  **ROBERTS** entered the driver's side as the C/S remained outside, standing next to the driver's door.  Fulton saw **ROBERTS** reaching for something inside the console of the car. Minutes later, **ROBERTS** handed the C/S a clear plastic baggie which was purported to be one ounce of crack cocaine.  The C/S then paid **ROBERTS** $800 for the crack.  **ROBERTS** gave the C/S $50 change.  The C/S returned to the undercover car and the C/S gave Fulton the $50 and the crack.  The DEA Laboratory tested the substance delivered by **ROBERTS.**  It contained a net weight of 23.9 84% pure cocaine base.

4. On April 13, 1998, S/A Fulton went to the Beachfront area of Avon Park.  The confidential source (C/S) accompanied agent Fulton in the undercover car.  The C/S had been searched for contraband before entering the car.  They saw a car registered to LINTON **ROBERTS.**  **ROBERTS** was behind the wheel of the car.  Fulton pulled his car near **ROBERTS'** car as **ROBERTS** and the C/S began a brief conversation.  The C/S asked **ROBERTS** if they could get a

whole ounce of crack.  **ROBERTS** said: "Yeah, I'll do it can use the money, you came at the right time."  **ROBERTS** called the C/S over to a garbage pile were he kept his crack.  He gave the crack to the C/S, who then gave it to Fulton.  Fulton gave the C/S $750 which he then paid to **ROBERTS**.  The DEA Laboratory later confirmed there was 24.8 grams of 73% pure cocaine base.

5.  On May 6, 1998, Special Agent Fulton was joined by DEA Special Agent Herman Fluitt.  Both men were working in an undercover capacity.  They and the C/S went to the Beachfront area of Avon, Park.  Fulton left the car and told various black males standing around outside that he was looking for "Mark" (**LINTON ROBERTS**).  **ROBERTS** arrived and asked what Fulton wanted. Fulton asked for another whole ounce, like he received from **ROBERTS** on the previous occasion.  **ROBERTS** acknowledged he remembered their previous transaction buy said he was out right then.  **ROBERTS** asked Fulton to return at 8:00 PM.

Further, your affiant saith naught.

_____
Susan Pentecost
Special Agent
Drug Enforcement Administration


Subscribed and sworn to before me this _____ day of
_____, 1998.

_____
Frank J. Lynch, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE APPLICATION

CASE NO.   98-071-FJL
           98-072-FJL
           98-073-FJL
           98-074-FJL
           98-075-FJL
           98-076-FJL
           98-077-FJL
           98-078-FJL
           98-079-FJL
           98-080-FJL

FOR COMPLAINT AND ARREST WARRANT    MAGISTRATE JUDGE LYNCH

ORDER TO SEAL

_____/

This cause came before this Court on the Government's Motion to Seal.  The Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Government's Motion is hereby granted, and the Clerk of the Court shall seal the Complaints, Affidavits, and Arrest Warrants, until the arrest and initial appearance of each of the defendants charged in each case or further order of the Court.

DONE AND ORDERED at Fort Pierce, Florida, this 22nd day of October, 1998.

HONORABLE FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE APPLICATION                    CASE NO.   98-071-FJL
                                                98-072-FJL
                                                98-073-FJL
                                                98-074-FJL
                                                98-075-FJL
                                                98-076-FJL
                                                98-077-FJL
                                                98-078-FJL
                                                98-079-FJL
                                                98-080-FJL

                                     MAGISTRATE JUDGE LYNCH

FOR COMPLAINTS AND ARREST WARRANTS
                                     MOTION TO SEAL
_____/

    COMES NOW the United States of America, by and through the
undersigned Assistant United States Attorney, and hereby requests
this Honorable Court to seal the attached Complaints, Affidavits
and Arrest Warrants until the arrest and initial appearance of the
of the first defendant charged on these federal complaints . All
of the defendants are alleged to have sold crack cocaine from a
small geographic area of Higlands County. The case derived from a
multi-agency task force, which intends to attempt arrests of all of
the defendants in the same area over a three day period of time. It
is believed that the defendants will flee if they becomes aware
that arrest warrants have been issued for them on the case. In
order to minimize the potential for flight the government

respectfully requests that all of the above numbered complaints, affidavits and warrants be sealed until the arrest each of the ten defendants and that sealing order be automatically terminated when they are brought to court for intial appearance.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY _____
CAROL A. WILKINSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500089
505 S. 2nd Street, Suite 200
Fort Pierce, Florida  34950
(561) 466-0899